MASON v WURTH

Docket No. 106585. Submitted June 7, 1989, at Lansing. Decided
August 24, 1989.

Bradley Mason was killed when the automobile which he was
driving collided with the rear of a tractor-trailer which was
owned by Kanfer Construction Company and was being driven
by Paul Wurth. At the time of the accident, the tractor-trailer
was parked in the right lane of the southbound traffic lanes of
Woodward Avenue in Bloomfield Hills with its emergency
flashers activated while Wurth was exchanging insurance infor-
mation with the driver of another automobile with which
Worth had just had an accident. Elizabeth Mason, individually,
and George S. Clark, as personal representative of the estate of
Bradley Mason, brought a wrongful death action in Oakland
Circuit Court. Following a trial before Norman L. Lippitt, J., a
jury returned a verdict of no cause of action. Following denial
of his motion for a new trial, plaintiff Clark appealed.

The Court of Appeals *held:*

1. While it was error for the trial court to instruct the jury
on the sudden emergency doctrine since the court had already
instructed the jury on the statutory exception to the prohibited
parking statute, the giving of the sudden emergency instruction
was merely cumulative and the error was harmless.

2. There was evidence which indicated that the decedent was
driving in a careless and reckless fashion. Accordingly, the trial
court properly instructed the jury with respect to the legal
consequences of careless and reckless operation of an automo-
bile.

Affirmed.

AUTOMOBILES — ROADWAYS — PROHIBITED PARKING.

The statute prohibiting parking on a roadway excepts from its
prohibition parking necessary to comply with the law; that
exception may include, under certain circumstances, compli-

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 277, 289.

See the Index to Annotations under Aid and Assistance; Hit and
Run; Parked or Parking Vehicle.

ance with the law requiring an individual to stop at the scene of an accident and exchange certain information (MCL 257.674[n]; MSA 9.2374[n]).

*Portnoy, Leader, Pidgeon & Roth, P.C.* (by *James M. Pidgeon*), for George Clark.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for Kanfer Construction Company.

Before: DANHOF, C.J., and HOOD and MARILYN KELLY, JJ.

PER CURIAM. Plaintiff George Clark appeals as of right the circuit court's order denying his motion for new trial. He brought the motion following a jury verdict of no cause of action in his wrongful death claim. We affirm.

The case arises from an automobile accident. Bradley Mason sustained fatal injuries after he drove his automobile into the rear end of a tractor-trailer owned by defendant Kanfer Construction Company. Paul Wurth, the driver of the tractor-trailer, had parked in the right lane of four-lane southbound Woodward Avenue in Bloomfield Hills. Wurth had just been involved in another accident. He had pulled over, turned on his emergency flashers, and left his vehicle in order to exchange information with the other driver. While the two drivers were talking, Mason collided with the rear of the trailer.

Plaintiff Clark argues that the trial court erred in instructing the jury on the sudden emergency doctrine, SJI2d 12:02.

Wurth admitted having stopped his vehicle next to a sign which read, "No parking, standing or stopping at any time." MCL 257.674(n); MSA 9.2374(n). The judge instructed the jurors that

Michigan law prohibits parking in the roadway. He told them Wurth's violation of the law could be excused if they found he used ordinary care and, because of the circumstances, was still unable to avoid the violation.

The instruction on sudden emergency is unnecessary when a violation of the no parking statute is alleged, MCL 257.674(n); MSA 9.2374(n). The no parking statute contains its own legal excuse. It provides that "[a] vehicle shall not be parked, except if necessary to avoid conflict with other traffic or in compliance with the law . . . ." The statute expressly excepts otherwise prohibited parking when necessary to comply with the law. The exception includes compliance with the law requiring an individual to stop at the scene of an accident and exchange certain information. The jury was instructed as to this portion of the statute. Therefore, it was unnecessary to give the sudden emergency instruction, as it contains the same excuse.

However, we decline to reverse the verdict. The error was harmless. The instruction was merely cumulative and did not provide the jury with an erroneous basis for excusing any violation by Wurth. Our refusal to reverse is consistent with substantial justice. *Petrove v Grand Trunk W R Co,* 174 Mich App 705, 710-711; 476 NW2d 733 (1989).

Next, Clark contends that the trial court erred in instructing the jury on careless and reckless driving as it pertained to Mason. MCL 257.626; MSA 9.2326. Clark argues that no evidence was presented demonstrating that Mason had operated his vehicle in a careless or reckless manner. We disagree.

Eyewitness testimony established that Mason was changing lanes erratically, weaving in and out

of traffic and driving at an excessive speed. The testimony was sufficient to raise, as an issue of fact, whether Mason was driving in a careless or reckless manner under the statute. The instruction was proper.

Affirmed.